| Debtor | Richard Lemmel and Mee Keong Beon | Case Number | 19-05537-JW |

## DISTRICT OF SOUTH CAROLINA

| IN RE:<br>RICHARD LEMMEL<br>Last four digits of social security # : 5075<br>MEE KEONG BEON<br>Last four digits of social security #: 3490<br>846 Hickory Bent Road<br>Charleston, SC 29414<br><br>Debtors. | CASE NO:  19-05537<br>CHAPTER: 13<br><br>**MOTION TO MODIFY PLAN AFTER CONFIRMATION AND OPPORTUNITY FOR HEARING** |

The Court has confirmed a chapter 13 plan in this case.  The debtor moves, pursuant to 11 U.S.C. § 1329(a), and Fed. R. Bankr. P. 3015(h), to modify the confirmed plan as follows:

**Debtors are amending their plan to include two months of zero payments on Part 2.1 due to unexpected expenses caused by COVID-19 and to lower payments to creditors on part 3.2 and part 8.1(a)**

A copy of the plan with these modifications included is attached.

TAKE NOTICE that any response, return, and/or objection to this motion should be filed with the Court no later than twenty-one (21) days after the service of the modified chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a), on the chapter 13 trustee, the debtors, and any attorney for the debtors.

TAKE FURTHER NOTICE that no hearing will be held on this motion, except at the direction of the judge, unless a response, return, and/or objection is timely filed and served, in which case the Court will conduct a hearing on **Thursday, , 2021, at 10:00 a.m., at 145 King Street, Room 225, Charleston, SC 29401**. No further notice of this hearing will be given.

Date:   March 15, 2021                    /s/ R. Michael Drose
                                          R. Michael Drose, District Court I.D. #609
                                          Drose Law Firm
                                          Attorney for the Debtor
                                          4900 O'Hear Ave
                                          Charleston, SC 29405
                                          843-767-8888; 843-620-1035 fax
                                          drose@droselaw.com

| Debtor | Richard Lemmel and Mee Keong Beon | Case Number | 19-05537-JW |
|---|---|---|---|

| | |
|---|---|
| Debtor 1  RICHARD HENRI THIERRY LEMMEL<br>Last four digits of social security number: 5075<br>Debtor 2  MEE KEONG BEON<br>Last four digits of social security number: 3490<br>846 Bent Hickory Road<br>Charleston, SC 29414<br>United States Bankruptcy Court for the : District of South Carolina<br>Case number   19-05537-JW | ✓   Check if this is a modified plan, and list below the sections of the plan that have been changed.<br>___  Pre-confirmation modification<br>✓  Post-confirmation modification<br>Part 2.1, 3.2, and part 8.1 |

**District of South Carolina**

# Chapter 13 Plan

5/19

## Part 1:  Notices

**To Debtors:**  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.  Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ✓ Included | ___ Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ___ Included | ✓ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ✓ Included | ___ Not included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c ) and in Part 8 | ✓ Included | ___ Not included |

## Part 2:  Plan Payments and Length of Plan

**2.1**    The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$ 1830   per month for   four (4)   months, $0 per month for three (3) months, $1700 per month for seven (7) months, $0 per month for two (2) months, $1775 per month for sixty-eight (68) months.**

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan.  The stipulation is effective upon filing with the Court.

2

Debtor   Richard Lemmel and Mee Keong Beon                              Case Number   19-05537-JW

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner:**
   ☐ The debtor will make payments pursuant to a payroll deduction order.
   ☐ The debtor will make payments directly to the trustee.
   ✓ Other (specify method of payment ): tfsbillpay.com

**2.3    Income tax refunds.**
   ✓ The debtor will retain any income tax refunds received during the plan term.
   ☐ The debtor will treat income tax refunds as follows:

**2.4    Additional payments.**
   ✓ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## Part 3:   Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4).  Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan.  Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.   Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**
*Check all that apply.  Only relevant sections need to be reproduced.*

   ☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

   ✓ **3.1(a)** The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor.

| Name of Creditor | Collateral |
|---|---|
| SC Federal Credit Union | Real property located at 846 Hickory Bent Road Charleston, SC 29414 |

   ✓ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of creditor | Collateral | Estimated amount of arrearage | Includes amounts accrued through the [Month/Year] payment] | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage (disbursed by the trustee) |
|---|---|---|---|---|---|
| **Mount Royal & Harrington Place at Grande Oaks Plantation HOA** | **Real property located at 846 Hickory Bent Road Charleston, SC 29414** | $1750 | October, 2019 | 0% | $30 or more |

   ✓ **3.1( c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance  with the Operating Order of the Judge assigned to this case and as provided in Section 8.1.  In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

**3.2  Request for valuation of security and modification of undersecured claims.**

 **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
  *The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

 ✓  The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed *Estimated amount of secured claim*.  For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules

Debtor __Richard Lemmel and Mee Keong Beon__    Case Number __19-05537-JW__

controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

Unless 11 U.S.C. § 1325(a)(5)(A) or ©) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(I). Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall release its liens at the earliest of the time required by applicable state law, order of this Court, or thirty (30) days from the entry of the discharge.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| Capital One Auto Finance | $19,250 | 2014 Toyota Sienna | $17,125 | $0 | $17,125 | 6.25% | $290 or more |

**3.3    Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**
✓    **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4    Lien avoidance.**

✓    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

**3.5    Surrender of collateral.**
✓    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4:    Treatment of Fees and Priority Claims

**4.1 General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2 Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3 Attorney's fees**

a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4 Priority claims other than attorney's fees and those treated in § 4.5.**
The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a pro rata basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

**Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

Debtor ___Richard Lemmel and Mee Keong Beon_____ Case Number __19-05537-JW__

    a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

    b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

✓ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.** *Check one.*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

✓    The debtor estimates payments of less than 100% of claims.
       The debtor proposes payment of 100% of claims.
       The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

✓ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3    Other separately classified nonpriority unsecured claims**. *Check one.*

   **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

✓ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7: Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor as stated below:**

✓  Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

    **Other.**   The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

**8.1    Check "None" or List Nonstandard Plan Provisions**

    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

**(a)    Mortgage payments to be disbursed by the Trustee ("Conduit")**:

In addition to the below, the provisions of the assigned Judge's Operating Order In re: Conduit Mortgage Payment in Chapter 13 Cases are incorporated herein.

Mortgage payments, including pre-petition arrears, will be paid and cured by the Trustee as follows:

Debtor    Richard Lemmel and Mee Keong Beon                                           Case Number    19-05537-JW

| Name of Creditor | Description of Collateral (note if principal residence; include county tax map number and complete street address) | Current installment payment (ongoing payment amount) * | Monthly payment to cure GAP ** (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit) | Estimated amount of PRE-PETITION ARREARAGE** (including the month of filing or conversion)* | Monthly payment on pre-petition arrearage |
|---|---|---|---|---|---|
| PNC Bank | 846 Hickory Bent Road Charleston, SC 29414<br><br>TMS# 305-03-00-119 | $951.06<br>Escrow for insurance: yes<br>Escrow for taxes: yes | $33 or more | $14,500 | $200 or more |

\* Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c) control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.
\*\* The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.
**All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee, on a pro rata basis as funds are available.** See the Operating Order of the Judge assigned to this case.
Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges.

(b)   *Debtor's Statement in Support of Confirmation:*

*The debtors, by their signatures below, hereby state that they understand the following:*

*(1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the trustee or directly to creditors;*
*(2) The consequences of any default under the plan, including the direct payments to creditors; and*
*(3) That debtor(s) may not agree to sell or sell property, employ professionals, or incur debt (including modification of debt) during the term of the plan without the advance authorization of the Bankruptcy Court.*

(c)   **(Reservation of Rights:** *Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or causes of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548. This reservation of rights shall continue until the later of six (6) months after confirmation of the plan or, if related to a claim, the filing of the claim or an amended claim.*

(d)   *The confirmation of this plan may determine the character (secured, unsecured or priority), amount and timing of distribution of a creditor's claim regardless of the proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.*

(e)      **Cure of post-petition mortgage delinquency**
The Debtor's post-petition mortgage arrearage will be paid in full through disbursements by the Trustee.

| Name of Creditor | Description of Collateral (not if principal residence; include county tax map number and complete street address) | Estimated amount of post-petition arrearage | Months being paid as post-petition arrearage | Monthly plan payment on post-petition arrearage |
|---|---|---|---|---|
| **PNC Bank** | **Debtors' residence - 846 Hickory Bent Road, Charleston, SC 29414** | **$2853.18** | **Three - March, April, and May, 2020** | **$34 or more** |

| Debtor | Richard Lemmel and Mee Keong Beon | | Case Number | 19-05537-JW |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| PNC Bank | Debtors' residence - 846 Hickory Bent Road, Charleston, SC 29414 | $1896.98 | Two - January and February, 2021 | $28 or more |

Unless otherwise ordered by the court, the arrearage will be calculated from the months listed above, with payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Mortgage Payment Change.

(f) Non-standard plan provision: Part 1 of this chapter 13 plan indicates that all objections to the confirmation of the plan must be filed no later than 7 days before the date set for the hearing on confirmation, unless otherwise ordered.  In Operating Order 18-04, Judge Waites has otherwise ordered that all objections to the confirmation of a chapter 13 plan in cases before him shall be filed with the Court no later than 21 days after the date of service of the place.  Therefore, <u>all objections to the confirmation of this chapter 13 plan must be filed with the Court no later than 21 days after the date of service of this plan.</u>

**Part 9:    Signature(s)**

**9.1 Signatures of the debtor and the debtor's attorney.**    *The debtor and the attorney for the debtor, if any, must sign below.*

X   /s/ Richard Henri Thierry Lemmel            X   /s/ Mee Keong Beon
Richard Henri Thierry Lemmel                    Mee Keong Beon

Executed on  March 15, 2021                     Executed on  March 15, 2021

X   /s/ R. Michael Drose                        Date  March 15, 2021
R. Michael Drose DCID#609
Drose Law Firm
4900 O'Hear Ave
Charleston, SC 29405
843-767-8888; 843-620-1035 fax
drose@droselaw.com

By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

IN RE:
RICHARD HENRI THIERRY LEMMEL
Last four digits of social security #: 5075
MEE KEONG BEON
Last four digits of social security #: 3490
846 Bent Hickory Road
Charleston, SC 29414

Debtor.

CASE NO: 19-05537-jw

CHAPTER 13

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the below stated date. The specific list of the names and addresses of parties served with the plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**
James M. Wyman, Chapter 13 Trustee


Date: March 15, 2021

BY: /s/ Ashlee Jack
Ashlee Jack
Office Personnel
Drose Law Firm
3955 Faber Place Drive, Suite 103
Charleston, SC 29405
Phone: 843-767-8888
Fax: 843-620-1035
drose@droselaw.com

```
Label Matrix for local noticing          AFNI for AT&T                              Aargon Agency
0420-2                                   PO Box 3517                                8668 Spring Mountain Rd
Case 19-05537-jw                         Bloomington IL 61702-3517                  Las Vegas NV 89117-4132
District of South Carolina
Charleston
Tue Mar  9 11:54:15 EST 2021

Attorney General of The US               Ann Urquhart Bell                          Mee Keong Beon
Civil Division Bankruptcy Section        Ann U. Bell, Attorney at Law               846 Hickory Bent Road
US Department of Justice                 P.O. Box 80013                             Charleston, SC 29414
Washington DC 20530-0001                 Charleston, SC 29416-0013


Capital One Auto Finance                 Capital One Auto Finance, a division of Capi   Capital One Auto Finance, a division of Capi
PO Box 60511                             P.O. Box 4360                              4515 N Santa Fe Ave. Dept. APS
City of Industry CA 91716-0511           Houston, TX 77210-4360                     Oklahoma City, OK 73118-7901



Charleston County Revenue Collections    Charleston County Tax Collector            Cisa and Dodds, LLP
4045 Bridgeview Drive                    c/o Chas Co Bankruptcy Dept                858 Low Country Blvd Ste 101
North Charleston, SC 29405-7464          4045 Bridge View Dr                        Mount Pleasant SC 29464-3080
                                         N Charleston SC 29405-7464



B. Lindsay Crawford III                  R. Michael Drose                           Drose Law Firm
Crawford & Von Keller LLC                3955 Faber Place Drive                     3955 Faber Place Drive, Suite 103
PO Box 4216                              Suite 103                                  North Charleston SC 29405-8565
Columbia, SC 29240-4216                  North Charleston, SC 29405-8565



Hutchens Law Firm                        (p)INTERNAL REVENUE SERVICE                John B. Kelchner
PO Box 8237                              CENTRALIZED INSOLVENCY OPERATIONS          Hutchens Law Firm
Columbia SC 29202-8237                   PO BOX 7346                                PO Box 8237 (29202) 240 Stoneridge Drive
                                         PHILADELPHIA PA 19101-7346                 Suite 400
                                                                                    Columbia, SC 29202-8237


Richard Henri Thierry Lemmel             Cynthia Jordan Lowery                      MUSC
846 Hickory Bent Road                    Moore & Van Allen PLLC                     PO Box 250819
Charleston, SC 29414                     78 Wentworth Street                        Charleston SC 29425-0001
                                         Post Office Box 22828
                                         Charleston, SC 29413-2828


MUSC College of Dental Medicine          (p)UNIVERSITY MEDICAL ASSOCIATES OF THE MUSC   Mount Royal & Harrington Place at
MSC 507                                  1 POSTON RD                                Grande Oaks Plantation HOA
Charleston SC 29425-0001                 SUITE 300                                  c/o Charleston Green Commercial
                                         CHARLESTON SC 29407-3441                   38 Romney Street
                                                                                    Charleston SC 29403-3825


Newby, Sartip, Masel & Casper LLC        (p)PNC BANK RETAIL LENDING                 PNC Bank, National Association
Attn:  Collections Department            P O BOX 94982                              Attn: Bankruptcy
PO Box 808                               CLEVELAND OH 44101-4982                    3232 Newmark Drive
Myrtle Beach SC 29578-0808                                                          Miamisburg, OH 45342-5421



SC Department of Revenue                 SC Federal Credit Union                    South Carolina Federal Credit Union
PO Box 12265                             PO Box 190012                              PO Box 190012
Columbia SC 29211-2265                   Charleston SC 29419-9012                   North Charleston, SC 29419-9012
```

| | | |
|---|---|---|
| US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | US Attorney for South Carolina<br>For The Internal Revenue Service<br>1441 Main Street Suite 500<br>Columbia SC 29201-2897 | James M. Wyman<br>PO Box 997<br>Mount Pleasant, SC 29465-0997 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Internal Revenue Service<br>1835 Assembly Street<br>Stop MDP 39<br>Columbia SC 29201 | MUSC Health<br>PO Box 932933<br>Atlanta GA 31193 | PNC Bank<br>PO Box 1820<br>Dayton OH 45401-1820 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)Capital One Auto Finance, a Division of Ca | (d)Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia PA 19101-7346 | (u)PNC Bank, National Association |

End of Label Matrix
Mailable recipients    32
Bypassed recipients     3
Total                  35